## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

DAVID N. T. WATSON,

        Plaintiff,

        v.                         Case No.: 2:10-cv-00778-CEH-SPC

COMMUNITY EDUCATION CENTERS, INC.,
a Delaware corporation, and
JOHN J. CLANCY, an individual,

        Defendants.

_____/

## PROTECTIVE ORDER APPROVING STIPULATED CONFIDENTIALITY AGREEMENT

This cause came before the Court on the Joint Motion for Approval of Stipulated Confidentiality Agreement and for Entry of Protective Order (Doc. #27) filed by the parties, Plaintiff, David N.T. Watson, and Defendants, Community Education Centers, Inc. and John J. Clancy, and the Court being advised that the parties are in agreement and having reviewed the record, it is hereby

**ORDERED and ADJUDGED** that, for good cause shown, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Joint Motion for Approval of Stipulated Confidentiality Agreement and for Entry of Protective Order (Doc. #27) is **GRANTED** as follows:

The following terms and conditions shall govern the disclosure and use of information (including documents, testimony, answers to interrogatories, admissions, data, other materials, and their contents) in this litigation:

1.      This Order shall be binding on: (a) each named party; and (b) each third-party who receives "Confidential Information" (as defined in Paragraphs 4-6) in connection with this litigation.

2.      To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information, imposes obligations on persons receiving Confidential Information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged.  This Order applies only to Confidential Information produced or disclosed during the course of this litigation, either by the parties to the suit or by third-parties that is not otherwise publicly available.

3.      All Confidential Information produced or discovered in this litigation shall be used solely for the prosecution or defense of this litigation and for no other purpose, unless such information has become publicly available without a breach of the terms of this Order.

4.      This Order imposes restrictions upon who may receive information produced or disclosed during the course of this litigation that is designated "Confidential" or "Attorneys' Eyes Only" (collectively referred to as "Confidential Information") by the disclosing party.

5.      The designation "Confidential" shall be limited to information that the disclosing party reasonably believes is of a proprietary or commercially sensitive nature or should otherwise be subject to confidential treatment.

6.      The designation "Attorneys' Eyes Only" shall be limited to information that the disclosing party reasonably believes contains a trade secret, is of a highly sensitive nature, or should otherwise be subject to "Attorneys' Eyes Only" treatment.

7.      To designate information "Confidential" or "Attorneys' Eyes Only," a disclosing party must so mark it or, in the case of a deposition transcript, designate it as provided in

Paragraph 13.   Counsel for the parties to this suit, as well as counsel for third parties, will be provided with the opportunity to designate all documents produced through discovery or by subpoena as "Confidential" or "Attorneys' Eyes Only" upon review of such documents.   Either designation may be withdrawn by the disclosing party.   The disclosing party must mark each page of each document and/or each significant component of each object containing Confidential Information with the appropriate designation as required.   A cover letter can be used, if appropriate, to designate computerized data as "Confidential" or "Attorneys' Eyes Only."   In addition, if information is inspected by a non-disclosing party, for purposes of the initial inspection, all inspected documents shall be considered "Confidential" and so treated under the terms of this Protective Order.   Thereafter, upon selection of specified documents for copying, the disclosing party may designate the information "Confidential" or "Attorneys' Eyes Only" prior to producing the requested copies.   Allowing the non-disclosing party to inspect said information does not constitute a waiver by the disclosing party of the right to designate the information "Confidential" or "Attorneys' Eyes Only."

8.      The failure to designate correctly any Confidential Information produced or disclosed in this litigation does not waive the confidence otherwise attaching to the Confidential Information.   Upon a disclosing party's discovery that information was incorrectly designated, the disclosing party shall provide notice to the other litigants that the information was inappropriately designated.   The disclosing party shall then have seven (7) business days in which to re-designate the information.   In the interim, the information may not be used in a manner inconsistent with the notice.

9.      Subject to the provisions of Paragraph 12, information designated "Confidential" may only be disclosed to:

a)      The parties;

b)      Employees of the opposing party who are actively involved in assisting with the prosecution or defense of the action;

c)      In-house counsel for the parties who are actively involved in the prosecution or defense of this action;

d)      Outside counsel for the parties;

e)      Consulting or testifying experts retained by outside counsel in this litigation;

f)      The Court and its officers;

g)      Private arbitrators and mediators;

h)      The direct staff of, and any contract support personnel employed or retained by, the foregoing persons, provided that they are actively involved in this litigation; and

i)      Others specifically identified and authorized in writing by the disclosing party.

10.      Subject to the provisions of Paragraph 12, information designated "Attorneys' Eyes Only" may only be disclosed to:

a)      Outside counsel for the parties;

b)      Consulting or testifying experts retained by outside counsel in this litigation;

c)      The Court and its officers;

d)      Private arbitrators and mediators;

e)      The direct staff of, and any contract support personnel employed or retained by, the foregoing persons, provided that they are actively involved in this litigation; and

f)      Others specifically identified and authorized in writing by the party who initially disclosed the item in discovery.

11.     Before receiving any Confidential Information pursuant to Paragraphs 9 or 10 of this Order, the following individuals must also agree in writing that they, as well as any direct staff or contract support personnel employed or retained by them, will strictly adhere to the terms of this Order by signing an Acknowledgment:

        a)     In-house counsel for the parties who are actively involved in the prosecution or defense of this action;

        b)     Consulting or testifying experts retained by outside counsel in this litigation; and

        c)     Private arbitrators and mediators.

Outside counsel shall be responsible for obtaining and retaining the required signatures.

12.     If the Confidential Information of a deposing party is revealed during a deposition of a non-expert witness, the witness (and if the witness is a non-party, his or her counsel as well) shall be prohibited from disclosing such Confidential Information to others or otherwise making any use of such information other than in connection with this litigation.

13.     Counsel shall have a period of 30 days following a deposition to designate portions of the deposition transcripts to be "Confidential" or "Attorneys' Eyes Only." Deposition transcripts shall presumptively be considered to have been designated "Attorneys' Eyes Only" for a period of thirty (30) days following service of the official transcript.  In the interim, and upon further review of the transcript, the deponent, his counsel, or any other party may designate all or portions of the transcript as "Confidential" or "Attorneys' Eyes Only," which designation shall remain in effect for the duration of this Order.  The deponent, his or her counsel, or another party making such a designation must advise all counsel of any such designation, otherwise following the initial thirty (30) day period mentioned above, the

deposition will have no "Confidential" designation whatsoever.  Nothing in this Paragraph shall prevent a party from making specific designations on the record during a deposition.

14.     All pleadings, motions, memoranda, and related submissions containing Confidential Information shall be filed with the Court under seal in accordance with Local Rule 1.09(b), U.S. District Court, Middle District of Florida.  Confidential Information filed under seal shall be maintained under seal for thirty (30) days following final disposition, including direct appeal, of the action.  If any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

15.     The following procedures shall govern any challenges to confidentiality designations:

a)     If a party reasonably believes that information produced in this litigation should not have been designated "Confidential" or "Attorneys' Eyes Only," it must provide the disclosing party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation.  The disclosing party must respond in writing within 10 business days, or within such additional time as is reasonable (taking into account the number of documents or other information at issue) and is agreed to by counsel or ordered by the Court.

b)     If the party challenging the confidentiality designation is not satisfied by the disclosing party's response, it may move the Court to lift the confidentiality designation as may be appropriate.  Until the Court rules, the confidentiality designation shall remain in effect.

16.     Nothing in this Order shall prevent a party from using or disclosing its own information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

17.     This Order shall survive the termination of this litigation.  Within 90 days of final termination of this litigation, the parties and all other persons having possession or control of Confidential Information must return to the disclosing parties or destroy all Confidential Information in their possession.  When each party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each disclosing party.

**DONE AND ORDERED** in Ft. Myers, Florida this ___5th___ day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies:  All counsel of record